IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EARL G. HUDSON                                                                                         PLAINTIFF

vs.                                              Civil No. 2:15-cv-02077

CAROLYN W. COLVIN                                                                                DEFENDANT
Acting Commissioner, Social Security Administration

## MEMORANDUM OPINION

Earl G. Hudson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.     **Background:**

Plaintiff protectively filed his disability applications on September 17, 2013 (Tr. 196, 203), alleging he was disabled due to back pain. (Tr. 104, 111). Plaintiff originally alleged an onset date

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

of August 1, 2010 (104, 111); however, on June 10, 2014, he amended the onset date to March 1, 2013. (Tr. 308-309). The applications were denied initially and again upon reconsideration.  (Tr. 104-117, 120-135).

Thereafter, Plaintiff requested an administrative hearing, and the request was granted. (Tr. 151-153). Plaintiff's administrative hearing was held on July 24, 2014. (Tr. 37-101). Plaintiff was present and represented by counsel, David K. Harp. *Id.* Plaintiff and Vocational Expert ("VE") Monte Lumpkin testified at the hearing. *Id*.  At this administrative hearing, Plaintiff was forty-nine (49) years old (Tr. 44), which is defined as a "younger person" under 20 C.F.R. § 404.1563© (2015) (DIB) and 20 C.F.R. § 416.963© (2015) (SSI).  As for his education, Plaintiff testified he had completed the eleventh grade, dropping out of high school during his senior year . (Tr. 44).

Following the hearing, on January 6, 2015, the ALJ entered a partially unfavorable decision denying Plaintiff's applications for DIB and SSI prior to June 1, 2014, and granting Plaintiff's applications after that date. (Tr. 12-20).  In this decision, the ALJ found Plaintiff met the disability insured status requirements under the Social Security Act through June 30, 2018.  (Tr. 14, Finding 1).  He also found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 1, 2013.  (Tr. 14, Finding 2).  The ALJ determined that since the alleged onset date of disability, Plaintiff had a severe impairment of Musculoskeletal Disorder (Back Disorder, lumbar degenerative disc disease post transforaminal interbody fusion at L5-S1 with chronic pain). (Tr. 14, Finding 3). He further determined that prior to June 1, 2014, the date the Plaintiff became disabled, he did not have an impairment or combination of impairments that met or medically equaled the

2

severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 15, Finding 4).

In the decision, the ALJ considered the entire record and determined that prior to June 1, 2014, Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, except occasional climbing, balancing, stooping, kneeling, crouching, and crawling.  (Tr. 15, Finding 5). The ALJ further determined Plaintiff was unable to perform any Past Relevant Work ("PRW") at all times relevant to the decision. (Tr. 17, Finding 6).  The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 17-18). In making his determination, the ALJ relied upon the testimony of the VE as to whether jobs existed in the national economy for an individual with the Plaintiff's age, education, work experience, and RFC.  *Id*. Specifically, the VE testified an individual with Plaintiff's limitations would be able to perform the requirements of the following sedentary, unskilled occupations: (1) Inspector with 164 such jobs in Arkansas and 13,646 nationwide; (2) Production Worker with 502 jobs in Arkansas and 29,191 nationally; and (3) Assembler with 357 jobs in Arkansas and 20,843 nationally.  *Id*.  Then, the ALJ found that beginning on June 1, 2014, the severity of Plaintiff's impairment met the criteria section 1.04(A) of 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 19, Finding 11).  Therefore, the ALJ determined Plaintiff was not disabled prior to June 1, 2014, but became disabled on that date and has continued to be disabled through the date of the decision. (Tr. 19-20, Finding 12).

Plaintiff requested review by the Appeals Council of the January 6, 2015 decision by the ALJ. (Tr. 8). However, the Appeals Council denied his request for review of the decision.  (Tr. 1-3).

3

Thereafter, on April 20, 2015, Plaintiff filed the present appeal with this Court, ECF No. 1, and the Parties consented to the jurisdiction of this Court. ECF No. 6. The case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)©. A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox*, 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

**3.     Discussion:**

In his appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ erred in determining Plaintiff did not have a severe impairment prior to March 1, 2013, (2) the ALJ erred in determining plaintiff's credibility in that he did not follow the standard set forth in *Polaski*; (3) the ALJ erred in determining that prior to June 1, 2014, Plaintiff had an RFC of sedentary work with limits of occasional climbing, balancing, stooping, kneeling, crouching, and crawling; (4) the ALJ erred in his determination at step five of the analysis that prior to June 1, 2014, there were other jobs

in the economy Plaintiff could perform; and (5) the ALJ erred in determining Plaintiff was not disabled prior to June 1, 2014. ECF No. 11 at 7-11. Defendant argues in her response that the ALJ did not err in considering Plaintiff's lack of medical treatment in his credibility determination, and that substantial evidence supports the ALJ's determination of Plaintiff's RFC of sedentary with limits. ECF No. 13 at 4-9. Furthermore, Defendant argues substantial evidence supports the ALJ's determination at step five that there were other jobs Plaintiff could perform prior to June 1, 2014, and medical evidence supports the ALJ's determination that Plaintiff was not disabled prior to June 1, 2014. *Id*. The Court will consider each of these arguments.

### A.   Previous Severe Impairments

Plaintiff asserts the ALJ erred in determining that prior to the amended alleged onset date of March 1, 2013, Plaintiff did not have a severe impairment of Musculoskeletal Disorder. ECF No. 11 at 7-11. To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. *See* Social Security Ruling 96-3p. The Step Two requirement is only a threshold test so the claimant's burden is minimal and does not require a showing that the impairment is disabling in nature. *See Brown v. Yuckert*, 482 U.S. 137, 153-54 (1987). The claimant, however, has the burden of proof of showing she suffers from a medically-severe impairment at Step Two. *See Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low or *de minimis* standard. *See Nicola v. Astrue*, 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical

6

evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola*, 480 F.3d at 887.

In this matter, medical records revealed that Plaintiff injured his back while building motors on an assembly line at Baldor Electric Company on May 4, 1999. (Tr. 46-49). On November 6, 2000, following a diagnosis of herniated nucleus pulposus L5-S1, degenerative disc disease, and Grade I Retrolisthesis at L5-S1, Plaintiff underwent a Transforaminal Lumber Interbody Fusion at L5-S1. (Tr. 341-352). Dr. Arthur Johnson performed the surgery, and his November 7, 2000 notes reflected the following: (1) Plaintiff's "back already feels better"; (2) Plaintiff has "[n]o complaints"; and (3) Plaintiff is "[s]tanding without assistance." (Tr. 343). The next day, on November 8, 2000, Plaintiff was released from Sparks Regional Medical Center with post-surgery instructions and prescriptions for pain medication. (Tr. 340, 369-370).

After surgery, Plaintiff held several jobs until approximately February or March of 2013, including positions as an industrial truck operator, an assembly supervisor, a pallet builder, a building and apartment maintenance worker, and an electric motor assembler. (Tr. 46-70). Plaintiff's last job was at Umarex USA, Inc., in 2013, where he disassembled guns, inspected them, made any repairs, and placed them back on the line. (Tr. 65-68). Plaintiff testified that his job at Umarex ended when the company laid off all temporary employees. (Tr. 67). Plaintiff was distressed when he was let go from Umarex and wanted to continue working there. (Tr. 81, 86). He testified Umarex was a good working environment for him, and his boss allowed him to take breaks as needed. (Tr. 86, 89). Plaintiff testified that at the time of the hearing, he believed he could still do the job at Umarex, despite his back issues. (Tr. 89).

It was not until July of 2013 (several months after Plaintiff's amended alleged onset date of March 1, 2013) that Plaintiff received any further medical treatment following his November 2000 lumbar fusion. Specifically, on July 8, 2013, Plaintiff was seen at the Sparks Regional Medical Center Emergency Room, with complaints of low back pain. (Tr. 318-322). Dr. Travis L. Bowen examined Plaintiff and opined that his back was in normal alignment, and his extremities had normal range of motion, normal tone and no swelling. (Tr. 320). Dr. Bowen's hospital notes reflected "mild distress." (Tr. 319). An x-ray of Plaintiff's lumbar spine showed no fractures and that his surgical hardware was intact. (Tr. 320). Dr. Bowen diagnosed Plaintiff with lumbar strain and back pain, noted he was in stable condition, and discharged him with prescriptions for Flexeril and Mobic. (Tr. 320-321).

At the July 24, 2014 hearing, Plaintiff testified that his back pain had gotten progressively worse since March of 2013, due to arthritis, but he took only Tylenol for pain. (Tr. 88-89). However, there were no medical records demonstrating Plaintiff received any additional medical treatment after July 2013.

Based on the above, substantial evidence supports the ALJ's determination that, prior to March 1, 2013, Plaintiff's Musculoskeletal Disorder was not a severe impairment.

**B.     Credibility Determination**

Plaintiff asserts the ALJ erred in determining Plaintiff's credibility in that he did not follow the standard set forth in *Polaski*. ECF No. 11 at 9-10. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler*, 739 F.2d 1320 (8th

Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue*, 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski*, 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel*, 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski*, 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel*, 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In this matter, Plaintiff alleged he was unable to work because of chronic pain in his back. In making the credibility determination, the ALJ considered all of the evidence, noting several inconsistencies in Plaintiff's allegations and the medical evidence. First, following Plaintiff's November of 2000 lumbar fusion, medical evidence did not reveal complications during or after surgery or physical rehabilitation. (Tr. 16). Second, no further medical treatment was documented until July of 2013, when Plaintiff visited the Sparks Regional Medical Center Emergency Room complaining of low back pain. *Id*. As described above, while at Sparks, Plaintiff's physical examination and x-ray of his lumbar spine produced normal results. *Id*. Plaintiff was diagnosed with lumbar strain and prescribed Mobic and Flexeril as treatment. *Id*. No further treatment was advised or documented. *See Jones v. Callahan*, 122 F.3d 1148, 1153 (8th Cir. 1997) (affirming ALJ's finding that claimant's mental impairment was not severe based on, *inter alia*, lack of any regular treatment by a mental health professional, although claimant "might experience some difficulties associated with his mental or emotional health.") Lastly, and importantly, Plaintiff continued to work until February or March of 2013. *Id*.

In addition to the evidence noted by the ALJ, Plaintiff stopped working when Umarex laid off the temporary employees, ***and*** not due to his alleged disability. (Tr. 79-89). Moreover, while Plaintiff reported having extreme back pain, his October 4, 2013 Function Report revealed that his activities included being able to manage his personal care, prepare simple meals, do laundry, shop for food, watch television, and go out alone. (Tr. 274-277). Finally, Plaintiff's testimony, medical

records, Pain Questionnaire, and Function Report all reflect Plaintiff took only Tylenol or over-the-counter medication for pain. (Tr. 89, 273, 281, 329).

Plaintiff includes in his credibility argument that he was unable to obtain medical treatment following his surgery due to his lack of financial means. ECF No. 11 at 10. However, the record does not support the conclusion that Plaintiff attempted to obtain medical treatment and was rejected based on his inability to pay. *See Tate v. Apfel*, 167 F.3d 1191, 1197 (8th Cir. 1999) (citing *Murphy v. Sullivan*, 953 F.2d 383, 386-87 (8th Cir. 1992) (rejecting claim of financial hardship where there was no evidence that claimant attempted to obtain low cost medical treatment or that claimant had been denied care because of her poverty)).

The Court finds that there are sufficient reasons in this case for determining Plaintiff's subjective complaints concerning the intensity, persistence and limiting effects of his symptoms were not entirely credible prior to June 1, 2014. *See McDade v. Astrue*, 720 F.3d 994, 998 (8th Cir. 2013) (credibility determination is entitled to deference if supported by good reasons and substantial evidence). Thus, the Court finds no basis for reversal on this issue.[3]

### C. RFC Determination

Plaintiff asserts the ALJ erred in determining Plaintiff's RFC of sedentary work with limits of occasional climbing, balancing, stooping, kneeling, crouching, and crawling prior to June 1, 2014. ECF No. 11 at 9. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id.* This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her

---

[3] Although it appears the ALJ did not discuss *each Polaski* factor, such a discussion is not required. *See Casey v. Astrue,* 503 F.3d 687, 695 (8th Cir. 2007) (recognizing "the ALJ's decision need not include a discussion of how every *Polaski* factor relates to the claimant's credibility").

limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id.*

In the present case, the ALJ considered the medical assessments of the non-examining agency medical consultants, Plaintiff's subjective complaints, and his medical records, when he determined Plaintiff could perform sedentary work with limitations. (Tr. 15-17). The ALJ gave some weight to the portion of the state agency medical consultants's assessment that found Plaintiff could occasionally climb, balance, stoop, kneel, crouch and crawl. Ultimately, however, the ALJ gave little weight to the conclusion that Plaintiff was capable of light work. Rather, based on the medical records and Plaintiff's testimony as to his limitations, the ALJ found Plaintiff to be capable of only sedentary work with the limitations set forth above.

In his argument, Plaintiff specifically points to Dr. Bernard Crowell's Medical Source Statement of Ability To Do Work-Related Activities that revealed Plaintiff was unable to sit, stand, or walk for more than 80 minutes per day. ECF No. 11 at 9. Plaintiff acknowledged the Statement was conducted on August 14, 2014  (which was after the ALJ determined Plaintiff was, in fact, disabled), yet asserted the ALJ "should have contacted Dr. Crowell or sought the opinion of a

medical expert to ask their opinions about how long Plaintiff had experienced these limitations." *Id*. Despite Plaintiff's assertion, the ALJ is not required to contact Dr. Crowell or any other medical expert to expand on the time frame of Plaintiff's limitations when Plaintiff's capability to perform this level of work is supported by the evidence in the record.  Specifically, Dr. Bowen's medical notes did not indicate any restrictions were placed on his activities as of July 8, 2013, that would preclude performing the RFC determined. *See Hutton v. Apfel*, 175 F.3d 651, 655 (8th Cir.1999) (lack of physician-imposed restrictions militates against a finding of total disability). Based on the record as a whole, the Court finds there is substantial evidence to support the ALJ's RFC determination of sedentary work with limitations prior to June 1, 2014.

   **D.**     **Step Five Determination**

Plaintiff asserts the ALJ erred  in his step-five determination that prior to June 1, 2014, there were a significant number of other jobs in the economy the Plaintiff could perform.  While it is the ALJ's duty to develop the record, the burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five. *Harris v. Barnhart*, 356 F.3d 926, 931 n. 2 (8th Cir. 2004). At this step, the Commissioner must determine whether work exists in significant numbers. *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir.1988). This Circuit has adopted the standards set forth in *Hall*.  *See Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1988) (adopting *Hall* ). After discussing certain factors that a judge might consider in making this determination, such as the reliability of the claimant's and the vocational expert's testimony, the *Hall* court stated that "[t]he decision should ultimately be left to the trial judge's common sense in weighing the statutory language as applied to a particular claimant's factual situation." *Jenkins*, 861 F.2d at 1087 (quoting *Hall*, 837 F.2d at 275).

Here, the ALJ considered the testimony of the VE in making his determination as to whether jobs existed in the national economy for an individual with Plaintiff's age, education, work experience, and RFC. (Tr. 18). Specifically, the VE testified that given all the factors, Plaintiff would be able to perform the requirements of the following occupations: (1) an Inspector (Nut Sorter or Tile Table Worker) for which there are 164 jobs in Arkansas and 13,646 nationwide; (2) a Production Worker (Lampshade Assembler or Compact Assembler) with 502 jobs in Arkansas and 29,191 nationally; and (3) Assembler (Jewelry Assembler or Multifocal Lens Assembler) with 357 jobs in Arkansas and 20,843 nationally. (Tr. 18, 93-97). The ALJ determined that the VE's testimony was consistent with the information contained in the Dictionary of Occupational Titles. Because the vocational expert's testimony was sufficient to show there were a significant number of jobs in the economy that the Plaintiff could have performed given Plaintiff's age, education, work experience, and RFC, this Court finds that there was substantial evidence to support the ALJ's step-five determination.

   **E.**  **Disability Determination**

Plaintiff's final argument is whether there is substantial evidence to support the ALJ's determination Plaintiff was not disabled prior to June 1, 2014. Based on the foregoing, the Court finds substantial evidence supports the ALJ's disability determination prior to June 1, 2014.

**4.**  **Conclusion:**

Based on the foregoing, the undersigned finds the portion of the ALJ's decision denying benefits to Plaintiff prior to June 1, 2014, is supported by substantial evidence and should be

affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 23rd day of February 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE